# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3404

_____

David O. Colbenson

*Plaintiff - Appellant*

v.

Carolyn W. Colvin,[1] Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 20, 2013
Filed: June 24, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellant Procedure 43(c).

David O. Colbenson appeals the district court's[2] order affirming the denial of disability insurance benefits (DIB). Upon de novo review of the record, see Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008), and careful consideration of Colbenson's arguments for reversal, we find no basis for overturning the administrative law judge's (ALJ's) determination that Colbenson was not disabled from his alleged onset date of January 1, 2003, until his date last insured (DLI) of March 31, 2003, see Dipple v. Astrue, 601 F.3d 833, 834 (8th Cir. 2010) (DIB claimant must prove he was disabled before DLI). Specifically, we defer to the ALJ's credibility determination, because it was supported by several valid reasons. See Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012); see also Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (impairment controlled by treatment or medication is not considered disabling). Further, we find that the disability determination by the Department of Veterans Affairs (VA) is not relevant, because the VA's favorable decision was not rendered until after the ALJ's decision and was not effective until well after Colbenson's DLI. Finally, we conclude that the ALJ's determination as to Colbenson's residual functional capacity (RFC) is supported by substantial evidence. See Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (RFC determination); Halverson v. Astrue, 600 F.3d 922, 930-31 (8th Cir. 2010) (global assessment of functioning score may be of considerable help in formulating RFC, but is not essential to RFC's accuracy); Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (treating physician's opinion is entitled to great weight but does not automatically control; where limitations listed on form were never mentioned in treatment records or supported by objective testing or reasoning, ALJ's decision to discount them should be upheld). The judgment of the district court is affirmed.

_____

[2]The Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).